

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
(BLUEFIELD)

PIERRE A CAMPBELL
   Petitioner,

v.                                            1:22-cv-00063

WARDEN C. MARUKA
   Respondent

MEMORANDUM IN SUPPORT OF PETITIONER'S PRO SE
MOTION PURSUANT TO 28 U.S.C. § 2241

To the Honorable Judge of said court.
   COMES NOW, Pierre A. Campbell, herein through Pro Se, representation, respectfully moves this Court to grant him motion to proceed pursuant to 28 U.S.C. § 2241 seeking application of the saving clause (28 U.S.C. § 2255(e)), as petitioner asserts that he is entitled to habeas relief, as for reasons and grounds states:

## I  FACTUAL BACKGROUND

On September 11, 2013, petitioner was charged with 59 co-defendants in a superseding Indictment. Petitioner was charged with conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) (Count 1), distributing heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)

1

Counts 16, 23, 32, 34, 37, 39, 42, 43, 48, 61, and 67), possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count 8), illegal firearm possession by a convicted felon, in violation of 18 U.S.C. § 922(g)(1)(Count 9) and use of a telephone to facilitate drug trafficking, in violation of 21 U.S.C. § 843(b)(Counts 117-129, 136, 137, 141, 146, 148, 150, 152, 153, 157, 158, 160, 163, 166-169, 171-173). (Superseding Indictment, Pg ID 411-601).

The Superseding Indictment alleged that starting in 2011 and continuing through 2013, petitioner and his co-defendants participated in a large-scale drug trafficking conspiracy. As part of the conspiracy, petitioner distributed heroin to dealers and users in the Cleveland area that was obtained from suppliers in Cleveland, Chicago, and Atlanta.

On June 3, 2015, petitioner executed a written plea agreement and pleaded guilty to Count One of the Superseding Indictment (Conspiracy to Distribute Heroin). Petitioner received a sentence of 222 months' imprisonment based on his designation as a career offender, followed by four years of supervised release.

The Sixth Circuit affirmed petitioner's conviction following his direct appeal. On June 3, 2020 petitioner filed his first 28 U.S.C. § 2255 with the Northern District of Ohio arguing that his Career Offender designation in light of United States v. Havis 929 F.3d 317 (6th Cir. 2019) making clear that attempted crimes do not qualify as controlled

2

substance offenses. However, the District of Ohio denied the motion because Petitioner waived his right to challenge his conviction or sentence through post-conviction relief and that Havis is not retroactive. Petitioner files this instant motion, below are supporting arguements that entitle him relief:

## II INVOKING EXCUSABLE ERROR ANALYSIS

Petitioner is a [lay]man and unskilled in the field of law, therefore, as Pro Se litigant [he] invokes the excusable error analysis of Haines V. Kerner 404 U.S. 519, 520-21 (1972) where the Court is required to hold Pro Se pleadings to a less stringent standard than motions drafted by a lawyer.

## III ARGUMENT

In this § 2241 Petition, petitioner lodges a claim for relief from an illegal conviction and explains he is entitled to have that claim heard by virtue of the saving clause. Section 2255(e) provides a means for petitioners to apply for a traditional writ of habeas corpus pursuant to §2241. It states:

　　An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief,

3

unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e) (emphasis supplied).

## A. THE SAVINGS CLAUSE REQUIREMENTS

Petitioner satisfy's the juridictional requirement of the saving clause - that is, whether § 2255 is inadequate or ineffective to test the legality of detention.

At the outset, it is well established that § 2255 "was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus [under § 2241]." Davis v. United States, 417 U.S. 333, 343 (1974). Indeed, "the sole purpose [of § 2255] was to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum." Id. at 344 (internal quotation marks omitted) (emphasis supplied).

The Fourth acknowledged that Congress has bestowed "the courts broad remedial powers to secure the historic office of writ." Boumediene v. Bush, 553 U.S. 723, 776 (2008). It is uncontroversial... that the privilege of habeas corpus entitles the prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law." Id. at 779 (quoting INS v. St. Cyr, 533 U.S. 289, 302 (2001)). Habeas corpus is "above all, an adaptable remedy," and its "precise application and

4

scope change [] depending upon the circumstances." Id.

## B. THE JONES TEST

The Fourth Circuit seminal's decision In re Jones, determined that Byron Jones satisfied the requirements of the saving clause. See 226 F.3d at 329-30. Jones was convicted of four counts of using a firearm during a drug offense pursuant to 18 U.S.C. § 924(c)(1), based on a search of his apartment that uncovered crack cocaine, as well as four firearms found in a locked closet. See id. at 330. However, after Jones filed his first § 2255 motion, the Supreme Court decided Bailey v. United States, 516 U.S. 137 (1995), which rendered Jones's convictions invalid. See id. at 330. Specifically, Bailey held that the Government must prove active employment of a firearm in order to convict a defendant for using a firearm under § 924(c)(1). See id. (citing Bailey, 516 U.S. at 143). Therefore, Jones's conduct underlying his convictions was no longer illegal. See id. at 330, 334. Unable to file a second or successive § 2255 motion because Bailey was a statutory (not a constitutional) decision, Jones attempted to file a § 2241 claim for relief by using the saving clause portal. See id. at 329-30

In analyzing Jones's claim, the Fourth set forth three elements that must be present for a petitioner to satisfy the savings clause:

5

[Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34. Jones added, "[C]ourts [allowing § 2241 review of Bailey claims] have focused on the more fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, has no source of redress." Id. at 333 n.3 (emphasis supplied). The Fourth the found that Jones satisfied all three elements above and granted his request to file a § 2241 petition via the savings clause.

There is no doubt that Jones is still good law in this circuit, and the district court interpreted that decision narrowly.

### C. APPLYING THE SAVINGS CLAUSE TEST TO PETITIONER'S CASE THE THREE REQUIREMENTS OF THE SAVINGS CLAUSE TEST

In Sixth Circuits recent enbanc ruling in United States v.

6

Havis, 927 F.3d 382 (6th Cir. 2019), the Havis Court found that an attempt offense does not constitute a "controlled substance offense" pursuant to section 4B1.2(b) Id at 384. Moreover, the Sixth Circuit declared that the sentencing Commission's addition of "attempt crimes" through the Guidelines actual text. Id. at 386-87. In United States v. Powell, 781 F. App'x 487 (6th Cir. July 22, 2019), Powell's case was remanded from the Sixth Circuit's following the en banc decision in Havis, After Powell's case was remanded, When it finally came time for Powell to be re-sentenced each side presented it arguments. In addition to arguing that 2925.03 no longer qualified, Powell also argued that the instant offense of conspiracy under 21 U.S.C. § 846 also does not qualify because conspiracy - along with attempt - is only mentioned in the Guidelines commentary. Without deciding the issue regarding O.R.C. 2925.03 the court [did] find the Sixth Circuit's opinion in United States v. Orr, No. 18-6054, to be persuasive, and held that Powell's instant offense for conspiracy could not be used to enhance Powell's sentence as a career offender. Powell's 140-month sentence was reduced to 74-months.

  After the Sixth Circuit's review of the established record and applicable law, the Court finds that conviction under Ohio's § 2925.03(A)(1) is distinct from the Tennesse criminal statute at issue in Havis. The distinction between the two statutes turns on Statutory definitions and a technical, but important, difference between completed offenses and attempted

offenses." United States v. Havis 929 F.3d 317 (6th Cir. 2019) denying en banc (reconsideration) (Sutton, J. concurring)

Also, In recent Sixth Circuit decisions, the Sixth Circuit has vacated defendant's sentence and ordered remand for re-sentencing "in light of Havis". See e.g. United States v. Powell, 781 F. App'x 487 (6th Cir. July 22, 2019), United States v. Garrett, 722 F. App'x 311 (6th Cir. June 11, 2019), United States v. Solomon Case No. 18-3058, Document 48 (6th Cir. Nov 4, 2019). With the Sixth Circuit having abrogat[ed] Evans" - (United States v. Evans, 699 F.3d 858 6th Cir. 2012) it is apparent that Evans has been called into doubt and is no longer controlling authority on the issue. See Powell, 781 F. App'x at 488. In matters of sentencing and resentencing. district court are now tasked with interpreting §2925.03 (A)(1) in light of Havis.

Here, petitioner now explaines why he is entitled to the Jones saving clause test below:

First, it is undisputed that at the time petitioner's was sentenced in October 2015, his sentence was legal. Second, the enbanc ruling in Havis and Powell's decision which abrogated Evan, was decided in 2019 and Powell on July 22, 2019, and was made erroneous application or interpretation of relevant law. In addition Petitioner raised Havis and Powell type claim in his first §2255 grounds, however he was denied because he waived his right to challenge his conviction or sentence through post-conviction relief and Havis is not

8

retroactive, Futher, petitioner's challenge is (1.) the legality of his conviction (2) the legality of his sentence. As to the first, petitioner pleded guilty to Count one Conspiracy to distribute in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). Powell held that the instant offense of conspiracy under 21 U.S.C. § 846 [also] does not qualify because conspiracy - along with attempt - is only mentioned in the Guidelines commentary See also United States v. Orr, No. 18-6054 6th Circuit's opinion. As to the second, Petitioner like Powell, has two prior convictions under Ohio Rev Code Ann. 2925.03. these prior convictions were used to enhance petitioner sentence for career offender purposes, after Havis holding that attempt crimes does not qualify, and petitioner prior convictions are attempt crimes. Which rendered petitioner's convictions invalid. Therefore, petitioners conduct underlying his conviction was no longer illegal. Unable to file a second or successive § 2255 motion because Havis was a statutory (not a constitutional) decision, Petitioner attempts to file a § 2241 claim for relief by using the saving clause portal.

 Petitioner states four grounds for relief: (1) that the decision of the Sixth Circuit in United States v. Havis, 927 F.3d 382 (6th Cir. 2019), invalidates his career offender status; (2) that the Ohio attempted statute he was convicted of violating was improperly used to classify him as a career offender; (3) that the United States Sentencing Guideline were improperly applied to enhance his sentence, and (4)

9

that his career offender designation "violates the non-delegation doctrine" and separation of powers. Petitioner states that all of the above grounds were presented to the district court for the Northern District of Ohio for relief however, he waived his right to challenge his conviction or sentence through post-conviction relief and that Havis is not retroactive

## IV. THE JURISDICTIONAL ARGUMENT

On the jurisdictional argument, petitioner is housed at West Virginia, FCI McDowell, (Fourth Circuit Jurisdiction). A party is not permitted to waive subject matter jurisdiction. See Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Circuit. 2004) (en banc). Therefore, the first task is to determine whether the requirements of the savings clause are jurisdictional. In Rice v. Rivera, the Fourth held that if a petitioner cannot satisfy the savings clause requirements, his or her §2241 petition "must be dismissed for lack of jurisdiction." 617 F.3d 802, 807 (4th Cir. 2010) (per curiam). Petitioner classifies this decision as a "drive-by jurisdictional ruling" with no precedential effect, and argues that the savings clause is not actually jurisdictional. (quoting Arbaugh v. Y&H Corp., 546 U.S. 500, 503 (2006)) Therefore, he contends, the contends, the Government is able to waive the savings clause requirements.

10

Even assuming Rice lacks precedential effect, the Fourth held that the savings clause is a jurisdictional provision. For years, the Supreme Court "endeavored... to bring some discipline to the use of the term 'jurisdictional.'" Gonzalez v. Thaler, 565 U.S. 134, 141 (2012) (internal quotation marks omitted). It "pressed a stricter distinction between truly jurisdictional rules, which govern a court's adjudicatory authority, and nonjurisdictional claim-processing rules, which do not." Id. (internal quotation marks omitted). The Court ultimately set fourth the following instruction, also known as the "clear statement" principle: "A rule is jurisdictional if the Legislature clearly states that a threshold limitation on coverage as jurdisdictional. But if Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional." Id. at 141-42 (alterations, citations, and internal quotation marks omitted).

This does not mean that Congress "must incant magic words," United States v. Kwai Fun Wong, 135, 135 S. Ct. 1625, 1632 (2015) (internal quotation marks omitted), like, for example the word "jurisdiction." Rather, "traditional tools of statutory construction must plainly show that Congress imbued a procedural bar with jurisdictional consequences." Id. "We consider context, including this Court's interpretations of similar provisions in many years past, as probative of Congress' intent. Sebelius v. Auburn Reg'l Medical Ctr., 586 U.S. 145,

11

153-54 (2013) (internal quotation marks omitted).

The Court held that §2253(c)(1) "is a jurisdictional prerequisite" because it "mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals....'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. §2253(c)(1)). The Court explained that this provision "requires a threshold inquiry into whether the circuit court may entertain an appeal." Id. (internal quotation marks omitted). In contrast, the Court has held §2253(c)(2) and §2253(c)(3) to be nonjurisdictional. Subsection (c)(2) provides that a COA may issue upon "a substantial showing of the denial of a constitutional right" and subsection (c)(3) provides that the COA "shall indicate which specific issue or issues satisfy the showing required by [subsection (c)(2)]." Because those provisions "do[] not speak in jurisdictional terms or refer in any way to the jurisdiction of the appeals courts," but rather, "reflect[] a threshold condition for the issuance of a COA," Thaler, 565 U.S. at 143 (emphases supplied) (alterations and internal quotation marks omitted), they are not jurisdictional provisions. See also Arbaugh, 546 U.S. at 503 (holding that title VII's definition of "employer," which requires the defendant to have "fifteen or more employees," was actually "an element of a plaintiff's claim for relief, not a jurisdictional issue").

Similarly, in Kwai Fun Wong, the Supreme Court explained that "procedural rules, including time bars,

12

cabin a court's power only if Congress has clearly stated as much." 135 S. Ct at 1632 (alterations and internal quotation marks omitted). In that case, the Court decided that the statute of limitations set forth in the Federal Tort Claims Act ("FTCA") was not jurisdictional. Section 2401(b) of the FTCA states, "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing" a notice of final agency denial. 28 U.S.C. § 2401(b) (emphasis supplied). Despite this emphatic language, the Court stated that statutes of limitations are "quintessential claim-processing rules" that normally "do not deprive a court of authority to hear a case ... even when the time limit is important ... and even when it is framed in mandatory terms, ... however emphatically expressed those terms may be." Kwai Fun Wong, 135 S.Ct. at 1632 (alterations, citations, and internal quotation marks omitted). And while "a provision governing the time to appeal in a civil action qualifies as jurisdictional [if] Congress sets the time," a "time limit not prescribed by Congress ranks as a mandatory claim-processing rule." Hamer v. Neighborhood Housing Service of Chicago, 138 S.Ct. 13, 17 (2017). Petitioner cites to Harris v. Warden, wherein the Seventh Circuit concluded, "Section 2241 and 2255 deal with remedies; neither one is a jurisdictional clause. []

13

jurisdiction to resolve claims under § 2255, which technically are motions in the criminal prosecution, comes from 18 U.S.C. § 3231[.]" 425 F.3d 386, 388 (7th Cir. 2005). In contrast, the Eleventh Circuit has held that § 2255(e) "speaks in imperative term regarding a district court's power to entertain a particular kind of claim" and is therefore jurisdictional in nature. Williams v. Warden, 713 F.3d 1332, 1340 (11th Cir. 2013).

The Fourth sided with the Eleventh Circuit majority views for many reasons. First, "there is a clear expression of congressional intent." Williams, 713 F.3d at 1338. Section 2255(e) states that a § 2241 petition "shall not be entertained" if certain circumstances are present, "unless" another condition condition is present. 28 U.S.C. § 2255(e). Thus it "commands the district court not to entertain a § 2241 that raises a claim ordinarily cognizable in the petitioner's first § 2255 motion except in . . . . exceptional circumstance[s]." Williams, 713 F.3d at 1338 (alterations and internal quotation marks omitted). Indeed, a "plain reading of the phrase 'shall not entertain'" demonstrates that "Congress intended to, and unambiguously did strip the district court of the power to act . . . unless the savings clause applies." Id. at 1339.

Second, the language at issue parallels language the Supreme Court has deemed jurisdictional. In Miller-El, the Court focused on the phrase "unless [a COA is issued] an appeal may not be taken." 537 U.S. at 336. It held that this phrase "mandates" that until a COA has been issued, the courts of appeals

14

lack jurisdiction to rule on the merits of [habeas] appeals." Id. Like this language, which strips a court of power to entertain an appeal unless a prerequisite is met, the savings clause language also strips the sentencing court of power to entertain a habeas corpus petition unless a prerequisite -- i.e., a determination that a § 2255 motion is inadequate or ineffective to test the legality of one's detention -- is met.

Third, the language is unlike the provisions the Supreme Court has labeled nonjurisdictional. In Thaler, the Court addressed the requirements for a COA: it may be issued upon "a substantial showing of the denial of a constitutional right," and must indicate "which specific issue or issues satisfy" that showing. 565 U.S. at 143 (quoting § 2253(c)(2) (c)(3)).

These provisions do not address the appellate courts power to entertain an appeal, but rather, list the criteria a proper COA should possess. Thus, the language of § 2253(c)(2) and (c)(3) "does not... refer in any way to the jurisdiction of the appeals courts," as "[a] defective COA is not equivalent to the lack of any COA." Id.

The savings clause is different - it does not concern criteria for a successful § 2241 petition, rather, it provides whether that petition may be entertained to begin with. Moreover, the provision at issue does not fit neatly with the other nonjurisdictional provision. Unlike Hamer, this case involves a statute and not a rule, unlike Kwai Fun Wong, the savings clause does not provide a time limitation, and

15

unlike Arbaugh, it is not an element of a claim for relief.

Finally, Harris reasoned that jurisdiction to resolve § 2255 claims derives from another statute, which gives district courts exclusive jurisdiction "of all offenses against the laws of the United States." 18 U.S.C. § 3231; see Harris, 425 F.3d at 388. But the savings clause concerns jurisdiction to entertain a § 2241 habeas corpus petition, and, in any event, Harris was decided before Thaler, Sebelius, and Kwai Fun Wong and failed to examine the language of the savings clause in the context the Court directed in those cases. Further, the Seventh Circuit itself has sent mixed signals about the savings clause's jurisdictional quality. Compare Harris, 425 F.3d at 388, with Garza v. Lappin, 253 F.3d 918, 921 (7th Cir. 2001) ("If Garza can show that his petition fits under this narrow exception [in the savings clause], then ... the district court had jurisdiction to consider his habeas petition ...."). Therefore, petitioner should be allowed to proceed through the savings clause portal where controlling circuit precedent, changed in a way that two of the petitioner prior convictions no longer qualified him for sentencing enhancement under the Career Offender [and] coupled with his instant offense.

## CONCLUSION

In sum, petitioner claims that § 2255 is an inadequate

16

and ineffective means to test the legality of petitioner's detention, which is based on a sentence issued with an erroneously increased mandatory minimum. Therefore, petitioner should pass through the savings clause portal and have the § 2241 petition addressed on the merits.

Done this 2nd Day of 2 2022      Respectfully Submitted,
/s/ Pierre Campbell
Pierre A. Campbell
Reg. No. 11802-010
FCI McDowell
P.O. Box 1009
Welch WV 24801

CERTIFICATE OF SERVICE

I, Pierre A. Campbell, do hereby certify that I have served this handwritten pleading upon the Clerk of the Court, VIA US Mail, properly addressed, First Class Postage prepaid. The accused further request that a copy of this pleading be forwarded to all parties, VIA the CM/ECF System, as he is confined in his cell due to the Warden implementing a lockdown in wake of a public health crises (COVID-19) pandemic and has no other means.

Done this 2nd Day of 2, 2022    Respectfully Submitted
/s/ Pierre Campbell
Pierre Campbell
Reg. No. 11802-010

17

Pierre Campbell
Federal Correctional Institution
FCI McDowell
P.O. Box 1009
Welch WV 24801



Clerk of the Court
U.S. District Courthouse
601 Federal Street
Room 1000, Bluefield, WV 24701

[LEGAL MAIL]