IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**PIERRE A. CAMPBELL,**

      **Petitioner,**

v.                                              Case No. 1:22-cv-00063

**WARDEN ROKOSKY,**

      **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are Petitioner's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 and Respondent's request for dismissal. (ECF Nos. 1, 6). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned **FINDS** that Petitioner is clearly not entitled to relief. Therefore, the undersigned **RECOMMENDS** that his § 2241 petition be **DENIED**, (ECF No. 1), that Respondent's request for dismissal, (ECF No. 6), be **GRANTED**, and this matter be **DISMISSED**, with prejudice, from the docket of the Court.

I.    **Relevant History**

    **A. Proceedings in district of conviction**

In September 2013, Petitioner was charged with a number of drug trafficking and weapons crimes in a superseding indictment filed in the United States District Court for

1

the Northern District of Ohio ("Sentencing Court"). (ECF No. 6-1). On May 13, 2015, pursuant to a plea agreement, Petitioner pled guilty to one count of conspiracy to possess with intent to distribute and to distribute heroin in exchange for the United States' dismissal of the remaining counts against him. (ECF No. 6-3 at 16). The parties stipulated to the amount of heroin attributable to Petitioner and agreed that he played a leadership role in the conspiracy. (*Id.* at 16-17). Furthermore, Petitioner knowingly and intelligently waived his right to contest his conviction or sentence in any post-conviction proceeding. (*Id.* at 20). Petitioner's guilty plea was accepted, and on October 1, 2015, he appeared for his sentencing hearing. (ECF No. 6-4). At the hearing, the Sentencing Court determined that Petitioner qualified for an enhanced sentence as a career offender under the United States Sentencing Guidelines ("USSG"). The Sentencing Court concluded that Petitioner had an offense level of 31 and a Criminal History Category of VI, resulting in a sentence range of 188 to 235 months' imprisonment. (*Id.* at 21-26). After considering all of the relevant factors, the Sentencing Court imposed a sentence of 222 months' imprisonment. (*Id.* at 36). Petitioner appealed his sentence to the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit"), and the Sixth Circuit affirmed the judgment on October 31, 2016. (ECF No. 6-8).

In May 2020, Petitioner filed his first Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence in the Sentencing Court. (ECF No. 6-12). He argued that in light of two Sixth Circuit decisions, his career offender designation was no longer appropriate. (ECF No. 6-13). In particular, Petitioner argued that in *United States v. Powell* and *United States v. Havis*, the Sixth Circuit held that "attempted" drug trafficking crimes could no longer be used as predicate offenses for application of the career offender enhancement. (*Id.* at 4-5) (citing *Powell,* 781 Fed. Appx. 487 (6th Cir. 2019), *and Havis,* 927 F.3d 382

(6th Cir. 2019)). On October 6, 2021, the Sentencing Court denied Petitioner's Motion, holding that (1) the Motion was untimely, (2) Petitioner had waived his right to collaterally attack his sentence, and (3) *Havis* was not retroactively applicable to cases on collateral review. (ECF No. 6-14).

### B. Procedural history in this Court

In October 2018, Petitioner filed his first petition in this Court for a writ of habeas corpus under 28 U.S.C. § 2241. *See Campbell v. Warden,* No. 1:18-cv-01361 (S.D.W. Va. Oct. 17, 2018). Petitioner argued that his career offender enhancement no longer applied; particularly, given the decisions in *Descamps v. United States,* 133 S. Ct. 2276 (2013) and *Mathis v. United States,* 136 S. Ct. 2243 (2016). *Id.,* ECF No. 1. On September 16, 2021, United States Magistrate Judge Dwane L. Tinsley recommended that the petition be denied, because Petitioner's pleading was actually a § 2255 motion, and Petitioner could not meet the four-pronged test for application of the savings clause set forth in *United States v. Wheeler,* 886 F.3d 415 (4th Cir. 2018). *Id.,* ECF No. 8. Petitioner did not object to the recommendation, and the presiding District Judge adopted it and dismissed the petition. *Id.,* ECF Nos. 9, 10.

On February 7, 2022, Petitioner filed the instant petition for a writ a habeas corpus under 28 U.S.C. § 2241, in which he asserts the same claims he raised in the § 2255 motion he filed with the Sentencing Court in 2020. (ECF No. 1). Petitioner argues that, in light of the Sixth Circuit's decisions in *Havis* and *Powell,* he no longer qualifies as a career offender.[1] (*Id.* at 6-10). Petitioner contends that § 2255 is ineffective and inadequate to test the legality of his sentence, because when he raised his *Havis/Powell* argument in

---

[1] In *Havis,* the Sixth Circuit held that an attempted drug trafficking offense does not fall within the definition of a "controlled substance offense" sufficient to trigger the career offender enhancement. *Havis,* 927 F.3d at 387. *Powell* accepted and followed the decision in *Havis.*

3

the § 2255 motion, the Sentencing Court denied the motion based on his waiver of the right to collaterally attack his judgment and sentence. Lastly, Petitioner contends that his career offender designation should be set aside, because it violates the non-delegation doctrine and the separation of powers. (ECF No. 1 at 9-10).

On February 16, 2022, the Court issued a Show Cause Order, directing Respondent to answer or otherwise respond to the habeas petition. (ECF No. 5). Respondent filed a response on March 18, 2022, asking that the petition be dismissed. (ECF No. 6). Respondent asserts that Petitioner is not challenging the execution of his sentence, but is attacking the validity of the Sentencing Court's judgment, making his petition a motion under § 2255. Because § 2255 motions must be brought in the sentencing court, the petition does not belong in this Court. (*Id.* at 5-6). Respondent further asserts that even if the petition could be reviewed in this Court, it is successive to Petitioner's § 2255 motion, which was already rejected by the Sentencing Court. Respondent adds that the Court should not consider claims previously addressed by the Sentencing Court, because to do so would invite forum shopping. (*Id.* at 7). Respondent also posits that Petitioner does not qualify for review under the § 2255(e) savings clause, because he cannot satisfy all of the requirements set forth in *United States v. Wheeler*; thus, this Court lacks subject matter jurisdiction over the petition. (*Id.* at 8-12). Finally, Respondent rejects Petitioner's argument regarding the non-delegation doctrine and separation of powers, noting that "Congress properly delegated its authority to the U.S. Sentencing Commission to promulgate the Sentencing Guidelines." (*Id.* at 12) (citations omitted).

On March 22, 2022, the undersigned entered an Order advising Petitioner that he had sixty days to file a reply to Respondent's request for dismissal. (ECF No. 7). The sixty days have now expired, and Petitioner has not filed a reply memorandum.

## II. Standard of Review

Respondent requests that Petitioner's petition be dismissed. (ECF No. 6 at 1). Although Respondent does not identify the rule under which the request for dismissal is brought, given the stage of the proceedings and nature of the arguments presented, it is best understood as a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Because Respondent filed a response concurrently with the request for dismissal, the motion should be considered as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). Respondent makes two arguments: one asserting a lack of jurisdiction and one claiming that Petitioner fails to state a claim for which relief may be given. A Rule 12(c) motion asserting a lack of jurisdiction applies the same standard of review used for a motion under Rule 12(b)(1), while a failure to state a claim is analyzed using the standard of review for Rule 12(b)(6) motions. *See Humphrey v. Glob. Equity Lending, Inc.*, No. 2:08CV68, 2008 WL 5262769, at *3 (E.D. Va. Dec. 17, 2008).

A motion under Rule 12(b)(1) challenges a court's subject matter jurisdiction over the pending dispute. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A Rule 12(b)(1) motion can be presented in two ways. First, the movant may contend—as in this case—that a pleading "simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams*, 697 F.2d at 1219. When presented with this contention, the court assumes that the allegations in the complaint are true and affords the petitioner the same procedural protection he would receive under Rule 12(b)(6). *Id.* Second, the movant may raise a factual attack against the complaint, alleging that the jurisdictional allegations of the complaint are not true. *Id.* Then, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without

5

converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams*, 697 F.2d at 1219). The burden of proving that a court has subject matter jurisdiction rests with the petitioner, as he is the party asserting it. *Johnson v. N. Carolina*, 905 F. Supp. 2d 712, 719 (W.D.N.C. 2012). However, the court should grant dismissal "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

A motion under Rule 12(b)(6) addresses whether the petition includes sufficient factual allegations to state a claim upon which relief may be granted. A pleading fails to state a claim when, viewing the factual allegations as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007).. Determining whether a complaint states a facially plausible claim for relief is a "context-specific task that requires the court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Iqbal v. Hasty*, 490 F.3d 143, 157–158 (2nd Cir. 2007)). In deciding a Rule 12(b)(6) motion, the court must accept as true all of the factual allegations contained in the petition, *Erickson v. Pardus*, 551 U.S. 89 (2007), but is not required to accept the legitimacy of legal conclusions. *Iqbal*, 556 U.S. at 678. To survive a motion to dismiss, a petition must plead both a factual and legal basis for relief. *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to establish a facially plausible complaint).

Similarly, when deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir.

2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, without converting the motion into a motion for summary judgment. *Id.* The court "may also consider documents attached … to the motion to dismiss, so long as they are integral to the [petition] and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

### III. Discussion

Although Petitioner says that he is challenging his conviction and cites to *In Re Jones,* 226 F.3d. 328 (4th Cir. 2000), he provides no rationale or argument in support of that claim. Petitioner pleaded guilty to conspiracy to possess with intent to distribute and to distribute heroin. He does not assert that he is innocent of the conspiracy charge. To the contrary, he knowingly and intelligently entered the guilty plea and does not dispute that he did so. He offers no claim that his plea was invalid; instead, he argues that the career offender sentence enhancement is no longer applicable. Petitioner does state at one point in his petition that a conspiracy offense "does not qualify" because it is only mentioned in the USSG's commentary. (ECF No. 1 at 9). However, that appears to be an argument related to the career offender enhancement. To the extent Petitioner is claiming that conspiracy to possess with intent to distribute and to distribute heroin is no longer a

7

crime, he is plainly wrong. *See* 21 U.S.C. §§ 841(a)(1), 846. Consequently, given the lack of any ground upon which to review the validity of Petitioner's conviction, the undersigned construes the petition as solely contesting the application of the career offender sentence enhancement. As such, his action is properly brought under 28 U.S.C. § 2255, which is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). In contrast, § 2241 is the remedy used to challenge the *execution* of a federal sentence. Although § 2241 provides a general grant of habeas corpus authority, the remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.

### A. *The savings clause*

Notwithstanding the different purposes of a § 2255 motion and a § 2241 petition, 28 U.S.C. 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas corpus pursuant to § 2241. It states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," *Vial*, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F. Supp. 2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a sentence, the petitioner must show the following: (1) at the time of sentencing, settled law of the circuit or the Supreme Court

8

established the legality of the sentence; (2) subsequent to his direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. *Wheeler*, 886 F.3d at 429. Contrary to Petitioner's jurisdictional argument, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") held in *Wheeler* that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the court does not have jurisdiction to entertain the § 2241 petition. *Id.* at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. *See Hood v. United States*, 13 Fed. Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014), *aff'd*, 573 Fed. Appx. 268 (4th Cir. 2014).

### B. Governing law

Petitioner was convicted in the Northern District of Ohio, which sits within the Sixth Circuit. He filed the instant § 2241 petition in this Court while incarcerated at FCI McDowell in the Southern District of West Virginia, which sits within the Fourth Circuit. "In evaluating substantive claims under the savings clause … we look to the substantive law of the circuit where the defendant was convicted." *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019). In contrast, procedural issues are governed by the procedural law of the circuit in which the petition is pending. *Id.* Therefore, the undersigned will consider Petitioner's § 2241 petition using the substantive law of the Sixth Circuit and the procedural law of the Fourth Circuit.

### *C. Petitioner is not entitled to use the savings clause*

Petitioner argues that *Havis* retroactively invalidates his sentence; thus, allowing him to utilize the savings clause under *Wheeler*. Petitioner is incorrect. Looking at the four prongs of the *Wheeler* test—all of which must be satisfied in order to use the savings clause—Petitioner clearly cannot meet the second and fourth prongs. To begin, *Havis* does not fulfill the second prong's requirement that the change in substantive law be "subsequent to [a petitioner's] direct appeal and first § 2255 motion." *See Wheeler*, 886 F.3d at 429. Here, Petitioner raised the *Havis* case in his first § 2255 motion, and the Sentencing Court analyzed the motion considering the decision in *Havis*. (ECF No. 6-14). Moreover, as the Sentencing Court pointed out, *Havis* has not been deemed to apply retroactively on collateral review. This is true in the Sixth Circuit, as well as the Fourth Circuit. *See, e.g., United States v. McKinnie,* 24 F.4th 583, 587 (6th Cir. 2022) ("Accordingly, because *Havis* does not apply retroactively, a *Havis* error is not an extraordinary and compelling reason to modify an inmate's sentence under §3582(c)(1)(A)(i)."); *Bullard v. United States*, 937 F.3d 654, 661 (6th Cir. 2019) (holding that a petitioner "cannot use § 2255—or our decision in *Havis*—to attack collaterally his designation as career offender under the Sentencing Guidelines."); *Gibson v. Phelps*, No. 9:20-CV-00981-JMC, 2020 WL 3548225, at *3 (D.S.C. June 30, 2020), *aff'd,* 827 Fed. Appx. 357 (4th Cir. 2020) ("The *Havis* decision cited by Petitioner does not provide him with a relief, as it has not been made retroactive to cases on collateral review.").

Next, Petitioner cannot satisfy the fourth prong of *Wheeler*, because a misapplication of the career offender guidelines is only a fundamental defect when the petitioner was sentenced under the mandatory USSG. *See, e.g., United States v. Braswell,* 462 F. Supp. 3d. 603, 605 (E.D.N.C. 2020) (citing *Braswell v. Smith,* 952 F.3d 441, 450

(4th Cir. 2020); *United States v. Foote,* 784 F.3d 931, 932, 941 (4th Cir. 2015) (holding that "a fundamental defect or a complete miscarriage of justice has not occurred where the petitioner was sentenced as a career offender under an advisory Guidelines scheme.") (internal markings omitted). In *United States v. Booker,* 543 U.S. 220 (2005), the USSG was made advisory, rather than mandatory. Petitioner was sentenced well after the *Booker* decision. Hence, even if the career offender enhancement was applied incorrectly, Petitioner does not present "an error sufficiently grave to be deemed a fundamental defect." *Wheeler,* 886 F.3d at 429.

As *Havis* provides no justification for application of the savings clause exception, and Petitioner has provided no other basis for meeting the second prong of *Wheeler,* the undersigned **FINDS** that this Court lacks jurisdiction over Petitioner's § 2241 petition. Moreover, the undersigned **FINDS** that the Court lacks jurisdiction over the petition as Petitioner has not raised a fundamental defect in his sentence sufficient to satisfy the fourth prong of *Wheeler*. Because the Court lacks jurisdiction, the undersigned declines to address other arguments made by Petitioner; such as, his claim that his career offender designation violates the non-delegation doctrine and the separation of powers.

### D. Transfer or dismissal of petition

As Petitioner is unable to proceed under § 2241, his petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). If this Court chooses to dismiss Petitioner's action, then he will be required to pursue his claim in the United States District Court for the Northern District of Ohio. Unlike § 2241 petitions, which are brought in the district where the petitioner is incarcerated at the time that he files his petition*, see United States v. Poole,* 531 F.3d 263, 264 (4th Cir. 2008), § 2255 directs the movant to "move the court which imposed the

11

sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a).

The Court could construe Petitioner's petition as a § 2255 motion and transfer it to the Sentencing Court; however, the undersigned **FINDS** no purpose in this exercise. Petitioner already filed a § 2255 motion with the Sentencing Court, which renders this motion second or successive and requires Petitioner to obtain authorization from the Sixth Circuit before filing another § 2255 motion. *See* § 2255(h) and 28 U.S.C. § 2244(b)(3)(A). Petitioner's apparent lack of authorization from the Sixth Circuit eliminates any benefit to be gained from a transfer to the Sentencing Court. *See Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D.W. Va. Nov. 13, 2013); *Satcher v. Hogsten*, No. 1:13-0466, 2013 WL 5674856, at *2 (S.D.W. Va. Oct. 17, 2013); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) *abrogated in part on other grounds by United States v. McRae*, 793 F.3d 392 (4th Cir. 2015) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

As an alternative, this Court may exercise its authority under 28 U.S.C. § 1631, recharacterize the petition as a motion for pre-filing authorization, and transfer it to the Sixth Circuit for consideration. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court … and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action … to any other such court in which the action … could have been brought at the time it was filed … and the action … shall proceed as if it had been filed in … the court to which it is transferred on the date upon which it was actually filed in … the court from which it is transferred.

Notably, the Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions;" instead, leaving district courts the discretion to determine

whether the transfer of an unauthorized successive petition is "in the interest of justice." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). A district court may dismiss, rather than transfer, a petition that is meritless or time-barred. *United States v. McNeill*, 523 Fed. Appx. 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987)) (declining to transfer claims under § 1631 that were frivolous).

For an appellate court to grant a request to file a second or successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205. In considering whether a pre-filing authorization motion should be granted, the Fourth Circuit considers "whether the applicant made the requisite prima facie showing about a new rule of constitutional law," and whether the successive motion would be time-barred. *In re Vassell*, 751 F.3d 267, 270-71 (4th Cir. 2014). In contrast, the Sixth Circuit—the court to which this case would be transferred—does have a blanket policy requiring its district courts to transfer all successive § 2255 motions, so that the Sixth Circuit may decide the issue of preauthorization. *United States v. Gastelum-Lara*, 478 Fed. Appx. 303, 305 (6th Cir. 2012); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Berry v. United States*, No. 05-cr-20048, 2014 WL 6668488, at *2 (E.D. Mich. Nov. 24, 2014). However, as noted above, while the substantive law of the Sixth Circuit applies to the merits of Petitioner's claims,

13

this Court continues to be governed by Fourth Circuit procedural law. Accordingly, "tak[ing] a peek at the merits" of Petitioner's claim, it appears that a transfer is not warranted because Petitioner does not satisfy the requirements of 28 U.S.C. § 2255(h). *Phillips*, 173 F.3d at 610.

As an initial matter, these claims would not be cognizable in the Sixth Circuit because, like the Fourth Circuit, that court has held that *Havis* is not retroactive on collateral review. Moreover, neither *Havis* nor *Powell* concerns a new rule of constitutional law, and Petitioner's motion would be barred by the statute of limitations. In any event, Petitioner already raised his *Havis/Powell* claim with the Sentencing Court, which rejected it. Petitioner did not appeal the Sentencing Court's decision, making the judgment final. Accordingly, the undersigned **FINDS** that transferring Petitioner's claims to the Sixth Circuit would be a waste of judicial resources.

## IV. Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED;** that Respondent's request for dismissal, (ECF No. 6), be **GRANTED;** and that this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date

of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Petitioner and counsel of record.

**FILED:** June 1, 2022

Cheryl A. Eifert
United States Magistrate Judge